**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANIBAL BERDUO CASTILLO; J. A. B. R.; MARIA IGNACIA RAMIREZ; A. E. R.; L. F. A. R., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-2289 <br><br> Agency Nos. <br> A215-910-204 <br> A215-910-205 <br> A215-910-206 <br> A215-910-207 <br> A215-910-208 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2026**
Pasadena, California

Before: FORREST, DESAI, and DE ALBA, Circuit Judges.

Petitioner, Anibal Berduo Castillo ("Castillo"), his partner Maria Ignacia

Ramirez ("Ramirez"), and their three children, (collectively "Petitioners"), all

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

natives and citizens of Guatemala, seek review of the BIA's decision dismissing their appeal of an immigration judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

Where, as here, the BIA agrees with the IJ's reasoning and supplements that reasoning with its own analysis, we review both decisions. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). "Our review is limited to those grounds explicitly relied upon by the [BIA]." *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016). We review the BIA's factual findings under the highly deferential substantial evidence standard and legal questions de novo. *See Aleman-Belloso v. Bondi*, 128 F.4th 1031, 1039 (9th Cir. 2024).

1. Petitioners' administrative brief erroneously stated that the IJ denied asylum and withholding of removal only based on their failure to "articulate a cognizable particular social group" and to "establish a nexus between their proposed groups and the harm they suffered." Petitioners failed to meaningfully challenge the IJ's determination that they had failed to show that the Guatemalan government was or would be unable or unwilling to protect them from gang violence, an issue dispositive of Petitioners' claims for asylum and withholding of

---

[1] Each petitioner filed an application for asylum and related protections based primarily on the same facts as Castillo's application.

removal.  *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (noting that an "asylum claim fails" where a petitioner is unable to show that the government is "unable or unwilling to control [the claimed fear] in that country"); *Meza-Vazquez v. Garland*, 993 F.3d 726, 729 (9th Cir. 2021) ("A government's inability or refusal to protect against persecution is a core requirement for withholding of removal.").  Thus, the BIA correctly deemed this issue forfeited. *See Santana-Gonzalez v. Bondi*, 172 F.4th 736, 741–42 (9th Cir. 2026) (recognizing that failure to "meaningfully challenge the agency's determination" constitutes forfeiture).

2.  Substantial evidence supports the agency's determination that Petitioners failed to show that they would more likely than not be tortured upon their return to Guatemala, a requirement for CAT relief.  *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022).  Based on the harm Petitioners suffered in Guatemala—threats, extortion, and one instance where Castillo was stabbed a decade before leaving the country—the record does not compel the conclusion that Petitioners face a sufficient likelihood of torture upon return.  *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027, 1029 (9th Cir. 2019) (defining torture).  Nor does Petitioners' generalized country conditions evidence, or any other evidence in the record, compel a finding of a likelihood of future torture.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("[G]eneralized evidence of violence

and crime in [Guatemala] is not particular to Petitioners and is insufficient to meet" the "more likely than not" standard for CAT protection).  Because Petitioners cannot establish the requisite likelihood of future torture, they are ineligible for protection under CAT.

**PETITION DENIED.**